## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANNAI ALPHEAUS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAMDEN COUNTY POLICE DEPARTMENT; CAMDEN COUNTY CORRECTIONAL FACILITY; CAMDEN COUNTY SHERIFF'S DEPARTMENT; COUNTY OF CAMDEN; CITY OF CAMDEN,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-06483(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Jannai Alpheaus, Plaintiff Pro Se
2642 Baird Boulevard, Apt. 3
Camden, NJ 08105

**SIMANDLE, District Judge:**

## I.    INTRODUCTION

Plaintiff Jannai Alpheaus seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Police Department ("CCPD"), Camden County Correctional Facility ("CCCF"), Camden County Sheriff's Department, County of Camden ("County", City of Camden ("City"). Complaint, Docket Entry 1.[1]

---

[1] This Court notes that Plaintiff filed a separate complaint under Docket No. 17-0180. That matter was dismissed on May 31, 2017 under Docket No. 17-cv-0180, Docket Entry 4.

## II.  <u>BACKGROUND</u>

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF during numerous periods of pretrial detention: January 15, 2001; June 15, 2010 to July 6, 2010; February 25 to March 7, 2013; March 31 to April 18, 2013; August 10 to 29, 2013; March 18 to April 8, 2014; and April 22 to June 12, 2014. Inmate Recidivism Sheet, Exhibit to Complaint. Plaintiff alleges: "I was subjected to several uncivil housing conditions during each individual stay from 2001 to 2016. I was placed in a 2 man cell each time with 3-4 inmates, where I was made to sleep on the floor, at times under tables, bunks, and near toilets." Complaint § III(C).

Plaintiff further alleges he was denied water and a functioning toilet for two weeks in a cell with 3 inmates, and again was placed in a cell with a non-functioning toilet for 2 weeks. Plaintiff alleges that requests for the non-functioning toilet were denied by maintenance, correction officers and sergeants.

Plaintiff also alleges that he was held after he was supposed to be released on both September 6 and September 20, 2016. *Id.*

Plaintiff further alleges he was provided "substandard generic, low quality insulin which caused my blood sugar to drop dramatically." *Id.* § IV. For this claim, Plaintiff requests compensation for "improper medical treatment." Complaint § V.

Plaintiff also alleges that on June 2, 2015, he sustained facial injuries after being assaulted by an inmates as several officers on post "were unattentive [sic] and not available." *Id.*

Plaintiff further alleges that on April 5, 2015, correctional officers at CCCF performed an illegal strip search on him after he was accused of theft of facial razors. He specifically alleged that Officer Sergeant John Scott Stinsman ordered the illegal search. He further alleges that Officer Rentas made the false allegation after he had collected razors from his cell which precipitated the search. Plaintiff further alleges that Officer Riviera and Corderro performed illegal searches, in which he was "stripped naked." *Id.*

Plaintiff seeks monetary compensation between one and five million dollars. Complaint § V.

## III. <u>STANDARD OF REVIEW</u>

28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in*

3

*forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).[2]

## IV.  DISCUSSION

### A.  Claims Against CCCF: Dismissed With Prejudice

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[3] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color

---

[2] Plaintiff filed another complaint under Docket 17-0180 which was dismissed for failure to state a claim on May 31, 2017. Should Plaintiff elect to amend this complaint he is directed to amend his complaint under this docket number, 16-6483.
[3] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[4] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary

---

[4] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell*, 436 U.S. at 690-91.

damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 60 days after the date this Opinion and Order are entered on the docket.[5]

## B. Claims Against County and City: Dismissed Without Prejudice

As to claims against the County and the City, Plaintiff has not pled sufficient facts to impose liability on these defendants. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may

---

[5] Plaintiff is directed that should he elect to file an amended complaint it must be filed under this docket number, 16-6483.

be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[6] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

---

[6] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).

## C. **Overcrowded Conditions Of Confinement Claim: Dismissed Without Prejudice**

Plaintiff alleges that "during the several times [I was] incarcerated, I was housed in 2-man cell with 3-4 inmates [and] made to sleep on floor" (hereinafter referred to as Plaintiff's "Overcrowding Claim"). Complaint § III(C).

As detailed below, the Court will dismiss the Overcrowding Claim without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

To survive *sua sponte* screening for failure to state a claim[7], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[7] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states: "While I was incarcerated in CCCF, I was subjected to several uncivil housing conditions . . . from 2001 – 2016 . . . I was housed in 2-man cell with 3-4 inmates, where I was made to sleep on floor." Complaint § III(C).

Plaintiff provided a copy of his Inmate Recidivism sheet which indicates incarcerations of January 15, 2001; June 15, 2010 to July 6, 2010; February 25 to March 7, 2013; March 31 to

April 18, 2013; August 10 to 29, 2013; March 18 to April 8, 2014; and April 22 to June 12, 2014. Exhibit to Complaint.

The Complaint alleges that Plaintiff suffered "severe and chronic neck and back pain due to sleeping on floor of cell during long periods of incarceration" as a result of these events. *Id.* § IV.

Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation of overcrowding has occurred.

The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538

F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process

analysis requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations

and hardship over an extended period of time, that the adverse

conditions become excessive in relation to the purposes assigned

to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d

984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)). Some

relevant factors are the length of the confinement(s), whether

plaintiff was a pretrial detainee or convicted prisoner, any

specific individuals who were involved in creating or failing to

remedy the conditions of confinement, any other relevant facts

regarding the conditions of confinement, etc.

The Complaint also alleges that CCCF Personnel are liable

under the Overcrowding Claim. Complaint § III(C) ("Camden Co.

Correctional Officers, It is common procedure to house 3-4

inmates in a cell, for months at a time"). However, the

Overcrowding Claim must be dismissed without prejudice as to

CCCF Personnel because the Complaint does "[not] allege[] any

personal involvement by [these defendants] in any constitutional

violation – a fatal flaw, since 'liability in a § 1983 suit

cannot be predicated solely on the operation of *respondeat*

*superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011)

(citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.

1988)). "[Plaintiff's] complaint contains no allegations

regarding [these individual defendants]. 'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the individual defendants]." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft*, 556 U.S. at 676). Given that the Complaint does not, in the first instance, sufficiently allege a violation of overcrowding, Plaintiff has not asserted a colorable constitutional claim to which any CCCF Personnel's individual liability could attach. Accordingly, Plaintiff's Overcrowding Claim against the CCCF Personnel defendants must be dismissed without prejudice.

Further, Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Most of the incarcerations allege by Plaintiff occurred more than two years prior to the filing of Plaintiff's complaint. The allegedly unconstitutional conditions of

confinement at CCCF, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations of January 15, 2001; June 15, 2010 to July 6, 2010; February 25 to March 7, 2013; March 31 to April 18, 2013; August 10 to 29, 2013; March 18 to April 8, 2014; and April 22 to June 12, 2014 expired well before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[8]

Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 60 days after the date this Opinion and Order are entered on the docket.[9]

_____

[8] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

[9] The amended complaint shall be subject to screening prior to service.

Plaintiff is further advised that any amended complaint must plead specific facts regarding the overcrowded conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### D. <u>Failure To Protect Claim: Dismissed Without Prejudice</u>

Plaintiff alleges that he sustained "facial injuries after being assaulted by an inmate, unprovoked in June 2, 2015, as several officers on post, were unattentive [sic] and not

available" (hereinafter referred to as "Failure to Protect Claim"). Complaint § IV.

Given that Plaintiff is a *pro se* litigant and the Court is required to construe the Complaint liberally, the Court will proceed to review the Failure to Protect Claim as against defendants CCCF, County, City and unnamed correctional officers.

First, as to the County and City, Plaintiff fails to state a claim pursuant to § 1983.

As explained above, a municipality cannot be held liable in a § 1983 action on a theory of *respondeat superior*. *Monell*, 436 U.S. at 694. Instead, liability may be imposed only where it can be shown that the municipality had a policy, regulation, custom, or practice that led to the alleged constitutional violation. *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). Plaintiff's Complaint describes only his personal experiences, which are insufficient to state a claim against the County and City. Specifically, Plaintiff fails to allege what official policy or custom of the County or City caused a constitutional deprivation. *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability), *cert. denied*, 135 S.Ct. 1398 (2015); *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (to satisfy pleading standard for a *Monell* claim, a complaint "must identify a custom or policy, and specify what exactly that

custom or policy was"). As such, any claims against the County and City regarding the physical assaults that Plaintiff supposedly endured will be dismissed without prejudice.

Second, as to CCCF Personnel, Plaintiff has not offered any of the requisite facts from which this Court could reasonably infer a constitutional violation.

In order to state a claim for failure to protect (whether under the Fourteenth Amendment that applies to pre-trial detainees (such as Plaintiff here) and convicted but-not-yet sentenced inmates, or the Eighth Amendment that applies to sentenced prisoners), a plaintiff must plead facts showing that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the [defendant] was deliberately indifferent to that substantial risk to his health and safety, and (3) the [defendant's] deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012). "'Deliberate indifference' in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id*. at 367 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). "It is not sufficient that the official should have known of the risk." *Bistrian*, 696 F.3d at 367 (citing *Beers-Capitol*, 256 F.3d at 133 (citing *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)).

Plaintiff's has not alleged facts that demonstrate "he was incarcerated under conditions posing a substantial risk of serious harm." *Bistrian*, 696 F.3d at 367.

Moreover, although Plaintiff alleges that the assault occurred because un-named correctional officers were "unattentive" (Complaint § IV), such allegations of negligence are insufficient to establish deliberate indifference. *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) ("It is well established that merely negligent misconduct will not give rise to a claim under § 1983; the defendant must act with a higher degree of intent") (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998)) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process")). "[N]egligent conduct is never egregious enough to shock the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004). In other words, mere negligence or inattention by a corrections officer in failing to protect a pretrial detainee from violence at the hands of another inmate is not enough to rise to the level of a constitutional violation under the Fourteenth Amendment. Defendants "must actually have been aware of the existence of the excessive risk; it is not sufficient that [Defendants] should have been aware." *Beers-Capitol*, 256 F.3d at 133 (citing *Farmer*, 511 U.S. at 837-38). Plaintiff here has

offered no facts whatsoever to even suggest that the unnamed
correctional officers were aware of any risk whatsoever to
Plaintiff's safety at CCCF (let alone that such risk was
substantial) or that the officers were deliberately indifferent
to such. In short, Plaintiff's Complaint fails to state a claim
upon which relief can be granted as to CCCF Personnel.

Accordingly, the Failure to Protect Claim will be dismissed
without prejudice, with leave to amend the Complaint, within 60
days after the date this Opinion and Order are entered on the
docket, to meet the pleading deficiencies noted above. If he
wishes to pursue the Failure to Protect Claim, Plaintiff bears
the burden of supplying the facts of the claim, as discussed
above, including: (a) sufficient factual detail for the Court to
infer that he was incarcerated under conditions posing a
substantial risk of serious harm, that a particular defendant
was deliberately indifferent to that substantial risk to
Plaintiff's safety, and such defendant's deliberate indifference
caused Plaintiff harm; (b) names of the specific party(ies) whom
Plaintiff claims are allegedly liable under the claim; and (c)
the date(s) on which such event(s) occurred. *Mala*, 704 F.3d at
245; *Pliler v. Ford*, 542 U.S. 225, 231 (2004). The amended
complaint may not adopt or repeat claims that have been
dismissed with prejudice by the Court in this Opinion and the
accompanying Order.

### E. **Condition Of Confinement Claim – Inadequate Medical Care: Dismissed Without Prejudice**

Plaintiff contends that he was "given substandard generic, low quality insulin which caused my blood sugar to drop dramatically" (referred to hereinafter as "Medical Care Claim"). Complaint § III(C), § V.

Given that such allegations are insufficient to plead unconstitutional conditions of confinement as to the adequacy of medical care, the Court will dismiss the Medical Care Claim without prejudice.

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *Luzerne*, 372 F.3d at 579 (citing *Lewis*, 523 U.S. at 846–47).

Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that his medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

The second element of the *Estelle* test is subjective and
"requires an inmate to show that prison officials acted with
deliberate indifference to his serious medical need." *Holder*,
2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding
deliberate indifference requires proof that the official knew of
and disregarded an excessive risk to inmate health or safety).
Conduct that constitutes negligence does not rise to the level
of deliberate indifference; rather, deliberate indifference is a
"reckless disregard of a known risk of harm." *Holder*, 2005 WL
1522130, at *4 (citing *Farmer*, 511 U.S. at 836). "Furthermore, a
prisoner's subjective dissatisfaction with his medical care does
not in itself indicate deliberate indifference." *Holder*, 2005 WL
1522130, at *4 (citing *Andrews v. Camden Cnty.*, 95 F. Supp.2d
217, 228 (D.N.J. 2000)). Courts have found deliberate
indifference "in situations where there was 'objective evidence
that [a] plaintiff had serious need for medical care,' and
prison officials ignored that evidence[,] *Nicini v. Morra*, 212
F.3d 798, 815 n. 14 (3d Cir. 2000) [and] in situations where
'necessary medical treatment is delayed for non-medical
reasons.' *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834
F.2d 326, 347 (3d Cir. 1987)[,] [*cert. denied*, 486 U.S. 1006
(1988)]." *Natale*, 318 F.3d at 582.

Here, Plaintiff's non-specific assertion that "low quality
insulin …caused blood sugar to drop dramatically" (Complaint §

III(C)) is insufficient to meet the pleading standard in the absence of additional facts. Plaintiff offers no facts to satisfy either of the two prongs required for his Medical Care Claim: (a) the "serious condition" prong; and (b) the "deliberate indifference" prong. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

First, the Complaint is silent with respect to facts relevant to establishing *Estelle*'s "serious condition" element, such as, for example: the nature of Plaintiff's diabetic condition; the type(s) of medication purportedly administered to him; the length, frequency and dosage amount of the alleged insulin administration; and the severity of the reactions, if any, that he suffered from the claimed overdosing of medication. (The foregoing examples are merely illustrative but not exhaustive or exclusive.) In short, Plaintiff has not alleged that he has ever actually been diagnosed with a particular form of diabetes, that his purported diabetic condition is so obvious that a lay person would recognize the necessity for administering a particular level of medication, or that any particular defendant's administration of a certain dosage of medication resulted in the unnecessary and wanton infliction of pain or a permanent loss to Plaintiff. The severity of Plaintiff's alleged diabetic condition, the potential for harm to Plaintiff from such condition if insulin was not administered

in a particular dose, and whether any such harm actually resulted from the alleged insulin overdose are also unclear from Plaintiff's allegations. Accordingly, Plaintiff has not satisfied *Estelle*'s first element for his Medical Care Claim.

Second, Plaintiff has not alleged any facts suggesting deliberate indifference by any defendant[s] to satisfy *Estelle*'s subjective prong. For example, Plaintiff sets forth no allegations as to whether any defendant[s] deliberately administered an improperly-elevated dose of insulin without justification or with the intent to punish Plaintiff. The Complaint is silent as well with respect to whether Plaintiff informed any defendant[s] of his need for a certain dosage and timing of insulin. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint does not set forth any contentions that are necessary to describe how individual defendants were personally involved and deliberately indifferent to Plaintiff's purportedly serious medical needs.

Furthermore, the Court observes that mere disagreement with the kind of medical care administered does not in itself state a

viable claim for relief. *Innis v. Wilson*, 334 F. App'x 454, 456–57 (3d Cir. 2009). *See also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). A prisoner is not entitled to the medical treatment of his choice. *See Reed v. Cameron*, 380 F. App'x 160, 162 (3d Cir. 2010) (dissatisfaction with prison medical care is insufficient to show deliberate indifference) (citing *Monmouth Cnty.*, 834 F.2d at 346). Thus, to the extent that Plaintiff's criticism of medical care received at CCCF arises merely from his disagreement with that treatment, his Medical Care Claim does not pass constitutional muster.

Therefore, the Court finds that Plaintiff's Medical Care Claim has failed to state a cause of action under the Fourteenth Amendment. Such claim will be dismissed without prejudice and with leave to amend the Complaint, within 60 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim with respect to deliberate indifference to a serious diabetic condition. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and accompanying Order.

**F. <u>Conditions Of Confinement Claims – Allegations of Illegal Strip Search</u>**

Additionally, Plaintiff has not sufficiently alleged a Fourth Amendment violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

"The test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. *Parkell*, 833 F.3d at 326 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1515, 1517 (2012)).

Plaintiff's cursory allegations that he was subjected to an illegal strip search after a false allegation that he stole facial razors, is insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the

search, the claim cannot proceed at this time. Plaintiff may amend this claim in an amended complaint, however.

### G. **Conditions Of Confinement Claims – Jail Conditions: Dismissed Without Prejudice**

Plaintiff complains of being detained in a cell with a "nonfunctioning toilet for two weeks" (hereinafter referred to as "Toilet Claim"). Complaint § III(C).

Denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, which would include basic sanitary conditions, can be sufficient to state an actionable constitutional deprivation. However, the non-specific nature of Plaintiff's allegations as to his Toilet Claim does not provide a reasonably sufficient basis for this Court to infer that sanitary conditions are, in fact, the type of violation from which his Toilet Claim arises.

Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3). While *pro se* complaints are construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972)), *pro se* litigants nevertheless must still allege facts,
taken as true, to suggest the required elements of the claims
asserted. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234-35
(3d Cir. 2008); *McNeil v. United States*, 508 U.S. 106, 113
(1993)("[W]e have never suggested that procedural rules in
ordinary civil litigation should be interpreted so as to excuse
mistakes by those who proceed without counsel").

Here, the Court cannot discern from Plaintiff's non-
specific reference to "nonfunctioning toilet" (Complaint §
III(C)) the particular cause(s) of action Plaintiff intends to
pursue against any particular person as to this alleged
condition of confinement. For example, the Complaint is silent
regarding: whether the toilet at issue was the unit inside
Plaintiff's cell at CCCF or was part of the public facility for
the CCCF prison population generally; whether alternate restroom
facilities were made available to Plaintiff to account for the
non-operational unit of which he complains; and the reason for
the non-functioning nature of the toilet referred to in the
Complaint (*e.g.*, plumbing maintenance schedule, plumbing
malfunction, etc.) (*see Passmore v. Ianello*, 528 F. App'x 144,
149 (3d Cir. 2013) ("[C]ourts will generally not interfere with
prison administrative matters and will afford significant
deference to judgments of prison officials regarding prison
regulation and administration. *See, e.g., Jones v. N. Carolina*

*Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977) ('Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators')").

Furthermore, construing the Complaint - without deciding - to suggest that Plaintiff's Toilet Claim relates in some manner to sanitary conditions, such toilet condition "[may] no doubt [have been] unpleasant, [but] it does not pose an obvious health risk and consequently does not deprive [Plaintiff] the minimal civilized measures of life's necessities." *Carson v. Main*, No. 14-cv-7454, 2015 WL 18500193, at *4 (D.N.J. Apr. 15, 2015) (dismissing plaintiff's Fourteenth Amendment due process claim where neighboring cells shared plumbing pipes and required residents to flush their own toilet to dispose of the neighboring cell's waste). *Accord Junne v. Atlantic City Med. Ctr.*, No. 07-5262, 2008 WL 343557, at *10 (D.N.J. Feb. 4, 2008) (dismissing plaintiff's conditions of confinement claim where plaintiff alleged that the jail's lack of a private bathroom and his "need to use the toilet in the presence of a total stranger caused substantial embarrassment," because "plaintiff's embarrassment ensuing from having another person in the cell while plaintiff uses the toilet cannot qualify as a violation of plaintiff's constitutional rights"). "There is, of course, a *de minimus* level of imposition with which the Constitution is not

concerned." *Bell*, 441 U.S. 539 n. 21. Plaintiff has failed to present facts demonstrating that the toilet condition here passed this threshold. He does not contend that the non-operational toilet was intended as punishment, or that he suffered adversely from it. The Complaint has not alleged that Plaintiff developed physical injuries as a result of the condition.

Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, the Complaint fails to set forth sufficient factual matter to show that the Toilet Claim is facially plausible. *Fowler*, 578 F.3d at 210. Since Plaintiff's claim asserting "nonfunctioning toilet" (Complaint § III(C)) does not offer facts that are necessary to show that he was subjected to a genuine privation for an extended period, such allegations fail to state a claim and will be dismissed without prejudice, with leave to amend.

**H. Plaintiff's remaining allegations also are insufficient to set forth a *prima facie* case under § 1983.**

Blanket statement about not being released is insufficient to set forth a *prima facie* case under § 1983. In regards to this claim, Plaintiff alleges, "I was also held days after I was to be released on two occasions, on Sept. 6, 2016 and again on Sept 20, 2016 with no explanation." Complaint § III(C).

Plaintiff does not offer any additional facts in regards to this claim to allow this Court to construe a potential violation.

"Imprisonment beyond one's term constitutes punishment within the meaning of the eighth amendment." *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989) citing *Hutto v. Finney,* 437 U.S. 678, 685, 98 S.Ct. 2565, 2570, 57 L.Ed.2d 522 (1978) (confinement in prison or isolation cell is form of punishment under eighth amendment); *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). To establish § 1983 liability in this context, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight; and must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention. *Diecks*, 885 F.2d 1099 (3d Cir. 1989).

Plaintiff has not made such showing with his cursory allegation. Therefore, this claim will be dismissed without prejudice.

## V.   Conclusion

For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to defendant CCCF, County and City; and (b) dismissed without prejudice for failure to state a claim.

An appropriate order follows.


**August 22, 2017**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             U.S. District Judge